# Webb's Transfer Line, Inc., v. Commonwealth et al.

Feb. 27, 1940.

Wm. B. Ardery, Judge.

Gilbert & Davis for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

Appellant brought this action in the Franklin circuit court under the provisions of the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., seeking a judicial determination of the question whether or not it is liable for the weight tax on motor vehicles provided in Chapter 171, of the Acts of the

1938 General Assembly, now Section 2739j-78, Carroll's Kentucky Statutes, 1939 Supp.

Appellant, plaintiff below, alleged that it is a general contractor engaged among other things, in the building of roads, or delivery of rock, dirt and gravel by trucks to the contractor; that it is the owner of twelve (12) motor trucks, known as "dump trucks," which are not now nor ever have been engaged in the transportation of property for hire, but engaged solely in the transportation of materials in the construction of roads and highways which are public roads and highways being constructed or maintained by the Commonwealth of Kentucky. It stated that during the months of July and August (1939) its said trucks were engaged in hauling rock from the quarry to the point of construction on the road, or from the nearest railroad station to the point of construction, and that said trucks were being used by it either as a contractor directly with the State for the purpose of delivering and spreading rock on the public road being constructed, or maintained by the Commonwealth of Kentucky, or were being used under a contract with the contractor whereby under the employment of the contractor as sub-contractor, it delivered the rock as aforesaid and that said trucks have never been used for any other purpose. It further alleged that the Commonwealth of Kentucky through its departments and agents is attempting to collect from it the weight tax provided in the statute supra, and further made the usual allegations for an injunction and prayed that the Commonwealth be enjoined from the collection of said tax and from molesting it, or attempting to collect the said tax.

The Commonwealth filed its demurrer to the petition and without waiving same filed its answer in which it denied that appellee's trucks are not now or ever have been engaged in the transportation of property for hire and denied that the trucks were being used by plaintiff as a contractor directly with the State or that said trucks were used exclusively for the purpose of delivering or spreading rock on public roads in the Commonwealth. By paragraph 2 the Commonwealth alleged that the trucks in question were operated over the public highways of the Commonwealth in the following detailed manner: (1) From Frenchburg, Kentucky, to points

south of West Liberty, Kentucky, a distance of thirty miles or more on the main highway; (2) from the rock quarry at Jenkins, Kentucky, to the railroad tracks, a distance of about five miles on the state highway; (3) from Jenkins to Whitesburg, a distance of twenty miles on the highway; and (4) from Hazard, Kentucky, to various points in Knott County; and also from Hazard, Kentucky, to points near Hyden, Kentucky, all of which were on the main highway in said sections of the state and that the use thus made of said trucks was that of carrying and transporting materials and supplies to be used in the construction of highways in this State.

Appellant filed demurrer to the answer and the case was submitted to the court upon the pleadings indicated above, and upon consideration the court overruled the demurrer to the answer and appellant failing to plead further the court held and adjudged that appellant's dump trucks are liable for the weight tax in question on the grounds (a) that such motor vehicles were engaged primarily in transportation of property for hire, and (b) that no exemptions whatever from the payment of said tax are provided for in the statute. Hence this appeal.

The only question to be determined is whether or not appellant's motor vehicles, "dump trucks," were used primarily for the transportation of property for hire. It is the contention of appellant that since its trucks were used for the transportation of materials to be used in construction of roads by contractors, or, subcontractors under contract to the Highway Department of the Commonwealth, such use does not come within the contemplation of the statute, supra, and therefore it is exempt from the payment of the weight tax sought to be collected by the Commonwealth.

The statute does not specifically provide for any exemptions from the payment of the weight tax in question, yet in view of the language that "every operator of a motor vehicle *for hire* [our italics] used primarily for the transportation of property" shall pay the tax in question, we do not think that it was the legislative intent that a contractor who is actually engaged in the construction of state highways under contract with the State would be required to pay the weight tax provided in the Statute for the use of such contractor's trucks on

124

the highways when used solely in the transportation of materials to be used in the construction of such highways. But no such state of facts is disclosed in this record. Appellant did not allege that it used its trucks only for the purpose of transporting material used in the construction of roads by *it* as a contractor with the Commonwealth, but merely stated that it was engaged, among other things, in the building of roads "or delivery of rock, dirt and gravel by trucks to the contractors," clearly indicating contractors other than itself. Hence, under the rule that a pleading will be construed more strongly against the pleader, it is thus seen that appellant's petition is susceptible of the construction that it used its trucks in the transportation of road materials to be used by contractors other than itself. It is not reasonable to presume that it made such use of its trucks for others without compensation. Hence it was engaged in the transportation of the road materials for hire.

It is alleged in the answer that appellant was engaged in carrying and transporting materials and supplies to be used in the construction of highways in the state, but it is not alleged that appellant was engaged as contractor with the State in the construction of the particular highways for the use of which the materials were transported. Had the answer made the later allegations, that perhaps would have cured the defects in the petition.

Once the allegations of the petition and answer are considered together and the facts set out in the latter being admitted by the demurrer, it is apparent that appellant failed to show itself entitled to the relief sought.

Judgment affirmed.